UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| SAMUEL BRANCH, | : | |
| *Plaintiff*, | : | CASE NO. 3:24cv536 (MPS) |
| | : | |
| v. | : | |
| | : | |
| WARDEN GUADARRAMA, et al., | : | |
| *Defendants*. | : | May 3, 2024 |
| | : | |

## INITIAL REVIEW ORDER

Plaintiff Samuel Branch, incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this case under 42 U.S.C. § 1983. He names Warden Guadarrama and the DOC Commissioner as defendants. The plaintiff alleges in his complaint that he slipped and fell on water leaking from the ceiling near the prison showers, injuring his back, neck, and side. ECF No. 1 at 3. The plaintiff maintains the warden was negligent for failing to fix the leaky ceiling, put up warning signs, or place floor mats on the floor. *Id.* The plaintiff seeks monetary damages and prospective injunctive relief. *Id.* at 5.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–(b). This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis.*

**I.    Allegations**

The Court has thoroughly reviewed all factual allegations in the complaint. While the Court does not set forth all of the facts alleged in the plaintiff's complaint (ECF No. 1), it summarizes his basic factual allegations here to give context to its ruling. The plaintiff was incarcerated in the Walker building of MacDougall-Walker Correctional Institution when he slipped and fell in the shower area of Unit C-1. ECF No. 1 at 3. The plaintiff suffered severe injuries to his back, neck, and side during the fall. *Id.* He has needed to use a cane for two months and underwent physical therapy. *Id.*

The plaintiff slipped on water that fell from a cracked ceiling in front of the showers. *Id.* There were no floor mats or caution signs in front of the shower. *Id.* The ceiling has been leaking in four different places in the unit. *Id.* The leaks were reported to staff on numerous occasions prior to the plaintiff's fall. *Id.* Staff submitted numerous work orders to fix the leaks prior to the plaintiff's fall. *Id.* The plaintiff maintains Warden Guadarrama was negligent for failing to fix the leak in the ceiling. *Id.* The plaintiff seeks $250,000 in monetary damages and demands the ceiling be fixed. *Id.* at 5.

**II.    Discussion**

**A. Request for damages and injunctive relief**

The plaintiff sues two defendants: Warden Guadarrama and the DOC Commissioner. ECF No. 1 at 1–2. Government officials named as defendants can be sued in their official capacity, individual capacity, or both. *See Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). The plaintiff does not specify the capacity in which he sues the defendants. *See* ECF No. 1 at 1–2. To the extent the plaintiff is seeking monetary damages against the defendants in their official

capacities, such claims are barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (agencies and departments of the state are entitled to assert the state's Eleventh Amendment immunity); *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (state, state agencies, and prison officials in their official capacities have Eleventh Amendment immunity from suit seeking monetary damages in § 1983 civil rights action). Therefore, any claims for monetary relief against the defendants in their official capacities are dismissed under 28 U.S.C. § 1915A(b)(2).

There is no special rule for supervisory liability. Instead, a "plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' ... The violation must be established against the supervisory official directly." *Tangreti v. Backmann*, 983 F.3d 609, 618 (2d Cir. 2020). In other words, the plaintiff must establish that the defendants violated the plaintiff's constitutional rights by their own conduct, not by reason of their supervision of others who committed the violation. *Id.* at 619.

The plaintiff's complaint does not allege that Warden Guadarrama or the DOC Commissioner were personally involved with the ceiling leak that caused the plaintiff to slip and fall. The plaintiff alleges the leaking ceiling had been reported to staff on numerous occasions and that staff in turn placed numerous work orders to fix the ceiling. ECF No. 1 at 3. But there is no indication in the complaint that Warden Guadarrama or the DOC Commissioner knew of the leaking ceiling, the reports of it, or the work orders relating to it. Thus, there are no facts in the complaint suggesting the defendants' personal involvement. *See, e.g., Jones v. Nassau Cnty. Sheriff Dep't*, 285 F. Supp. 2d 322, 325–26 (E.D.N.Y. 2003) (finding no personal involvement in

3

§ 1983 slip and fall case where the plaintiff did not allege that Sherriff or any other county official "was present in the shower area, was ever told or knew about the lack of mats in the shower area, allowed any harmful policy regarding slippery floors to exist, or acted negligently in any way with regard to the officers he supervised."). Therefore, any claims for monetary relief against the defendants in their individual capacities are dismissed under 28 U.S.C. § 1915A(b)(2).

While the plaintiff cannot recover monetary damages against the defendants in their official or individual capacity, the Eleventh Amendment does not preclude suits against state officials acting in their official capacity that seek prospective injunctive relief. *Mercer v. Schriro*, 337 F. Supp. 3d 109, 137 (D. Conn. 2018) (collecting cases). The plaintiff seeks prospective injunctive relief by his demand to fix the ceiling. *See* ECF No. 1 at 5. When seeking prospective injunctive relief, a plaintiff need not prove "personal involvement" of the defendant. *Id.* Rather, "[a]ctions involving claims for prospective declaratory or injunctive relief are permissible provided the official against whom the action is brought has a direct connection to, or responsibility for, the alleged illegal action." *Marshall v. Switzer*, 900 F. Supp. 604, 615 (N.D.N.Y. 1995); *see also Koehl v. Dalsheim*, 85 F.3d 86, 89 (2d Cir. 1996) (claim for injunctive relief in deliberate indifference to medical needs case where official had "overall responsibility to ensure that prisoners' basic needs were met"); *Schallop v. New York State Dept. of Law*, 20 F.Supp.2d 384, 391 (N.D.N.Y. 1998) (claim for injunctive relief proper "where the state official has the authority to perform the required act.").

While there is no allegation that defendants had a direct connection to the alleged illegal action, it is conceivable that, as a warden or DOC Commissioner, defendants were responsible

4

for the safety of the prison. Therefore, the Court determines that the plaintiff may sue the defendants for injunctive relief if he properly pleads a claim under § 1983.

### B. Negligence claim

The plaintiff does not specify which federally protected right defendants violated. But the Eighth Amendment requires prison officials to provide "humane conditions of confinement," which include "'tak[ing] reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citations omitted). Because the plaintiff is a pre-trial detainee,[1] though, his claim "of unconstitutional conditions of confinement [is] governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight Amendment." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (citation omitted).

A pretrial detainee who claims deliberate indifference to his safety must show an objective risk of serious harm, *id.* at 30, but—unlike for an Eighth Amendment claim—need not necessarily show that a charged official was subjectively aware of the risk of harm: "[T]o establish a claim for deliberate indifference to conditions of confinement under the Due Process Clause of the Fourteenth Amendment, the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, *or recklessly failed to act with reasonable care to mitigate the risk* that the condition posed to the pretrial detainee even though the

---

[1] DOC's website lists Branch as an unsentenced prisoner. *See Department of Correction Inmate Information Search*, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=416973 (last visited April 30, 2024). The court may take judicial notice of this website. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *United States v. Rivera*, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate locator information); *Ligon v. Doherty*, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate locator information). Unsentenced inmates are considered pretrial detainees. *See Ibbison v. Quiros*, No. 3:22-CV-01163 (SVN), 2023 WL 1766440, at *10 (D. Conn. Feb. 3, 2023) (considering an unsentenced prisoner a pretrial detainee).

defendant-official knew, *or should have known*, that the condition posed an excessive risk to health or safety." *Id.* at 35 (emphasis added). "A detainee must prove that an official acted intentionally or recklessly, and not merely negligently." *Id.*

The plaintiff alleges that "Warden Guadarrama was negligent by never fixing a crack in the ceiling that causes a significant leak in front of the showers as well as 4 different places in C-1 Unit and not have floor mats and 'caution' sign posters." ECF No. 1 at 3. But "[m]ere negligence … does not rise to the level of deliberate indifference." *Rentas v. Jonson*, No. 10 CIV. 4244, 2011 WL 2652473, at *3 (S.D.N.Y. June 22, 2011) (citing *Poe v. Leonard,* 282 F.3d 123, 145 (2d Cir. 2001) ("mere negligence is insufficient as a matter of law to state a claim under section 1983"); *Hayes v. N.Y. City Dep't of Corr.,* 84 F.3d 614, 620 (2d Cir. 1996) (same)).

Here, the plaintiff alleges, at most, that the defendants were "negligent by failing to address (or warn him of) th[e] [slippery] condition [of the floor]." *Rentas*, 2011 WL 2652473, at *3 (citing *Edwards v. City of N.Y.,* No. 08 Civ. 5787, 2009 WL 2596595, at *3 (S.D.N.Y. 2009); *Davis v. Reilly,* 324 F. Supp.2d 361, 367 (E.D.N.Y. 2004) ("courts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where, as here, the plaintiff also alleges that the individual defendants had notice of the wet condition but failed to address it").

District Courts in this Circuit have routinely held that "[s]uch a 'garden variety tort' does not amount to deliberate indifference and, thus, does not make out a claim under Section 1983." *Rentas*, 2011 WL 2652473, at *3 (citations omitted). *See also Edwards v. City of New York*, No. 08-cv-5787, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009) ("[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even

where, as here, the plaintiff also alleges that the individual defendants had notice of the wet condition but failed to address it."); *Graham v. Poole*, 476 F. Supp. 2d 257, 260 (W.D.N.Y. 2007) ("Although plaintiff alleges that defendants were aware of the dangerous condition of the shower floor, and failed to rectify it, that amounts to nothing more than negligence, and is not enough to establish an Eighth Amendment claim, which requires a showing of a 'wanton state of mind.'") (quoting *Davidson v. Flynn*, 32 F.3d 27, 30 (2d Cir. 1994)); *Davis v. Reilly*, 324 F. Supp. 2d 361, 367 (E.D.N.Y. 2004) (holding that even if the individual defendant "had notice of wet floors outside the shower area prior to the plaintiff's slip and fall," the alleged "failure to provide shower mats does not rise to the level of a constitutional violation within the meaning of Section 1983 and, thus is not actionable")).  Finally, a negligence claim – which is a state-law claim – does not fall within this Court's jurisdiction.

Therefore, the plaintiff has failed to state a claim under § 1983. The plaintiff's complaint must be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

## III.   Conclusion

The plaintiff's complaint, ECF No. 1, is **DISMISSED** under 28 U.S.C. § 1915A(b)(1). Within thirty days of this order, the plaintiff may file an amended complaint that addresses the defects described in this ruling.  The plaintiff is notified that an amended complaint will completely replace and supersede the original complaint.  So the plaintiff must include any facts that he believes will satisfy the standards discussed in this ruling in his amended complaint.

**SO ORDERED** this 3rd day of May 2024 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge